# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARMEN MUÑIZ RIVERA; PATRICK MCGRATH; KATHLEEN MCGRATH; MICHAEL MCGRATH<br><br>**Plaintiffs,**<br><br>v.<br><br>SAÚL SÁNCHEZ RIVERA; MAPFRE INSURANCE COMPANY<br><br>**Defendants** | **CIVIL NO.** 17-2088(RAM) |

## OPINION AND ORDER[i]

RAÚL M. ARIAS-MARXUACH, District Judge

Pending before the Court is co-defendant MAPFRE Insurance Company's *Motion to Dismiss or, in the Alternative, for Negative Instruction*. (Docket No. 27). Consequently, Plaintiffs submitted a response in *Opposition to Motion to Dismiss*. (Docket No. 31). After reviewing the applicable law, the Court **DENIES** MAPFRE's *Motion to Dismiss*. Plaintiffs did not have a duty to preserve the evidence in controversy and, therefore, there is no need to dismiss this case or to impart a negative instruction to the jury.

## I. BACKGROUND

The present case arises from a traffic accident that occurred on state road PR-2, spanning both eastbound and westbound lanes and involving three vehicles. In summary, a car driven westbound

by co-defendant Saúl Sánchez-Ramos lost control, jumped over the mid-barrier and collided with Plaintiff Carmen Muñiz-Rivera's car, a 2014 Toyota Yaris, that was heading eastbound. (Docket No. 1 ¶ 12). This initial collision caused Plaintiff's car to slide towards the eastbound right lane. After this, the Yaris was impacted from behind by a Chevrolet van owned by the Puerto Rico Department of Correction and Rehabilitation and driven by Raúl Román-Plumey. (Docket No. 1 ¶ 13). This van was insured by MAPFRE Insurance Company ("MAPFRE" or "Defendant"). (Docket No. 31 ¶ 2).

On October 7, 2016, Plaintiffs transferred the wrecked car's title to their insurance provider, Universal Insurance Company ("UIC"). (Docket No. 31 ¶ 8). Defendant alleges that Plaintiffs did not request that their insurer preserve the vehicle as evidence for a potential claim. (Docket No. 27 at 2). After the totaled Yaris was transferred to UIC's possession, the Company sold the car to a junkyard in Mayagüez. (Docket No. 27 at 6). Defendants allege that this action by the Plaintiffs' insurer barred MAPFRE and its expert witness from evaluating the car. (Docket No. 27 at 1). Moreover, Defendant maintains that they could not obtain critical information stored in the car's Airbag Control Module (ACM). (Docket No. 27 at 2). Among the critical information missing is the speed of Plaintiff's car seconds before impact. Defendant posits that this would have assisted the analysis as to whether Plaintiff's speed contributed to her damages. Id.

Based on this sequence of events, MAPFRE alleged that the Plaintiffs incurred in spoliation of evidence when they transferred the car's title to their Insurer. Id. As a legal relief, Defendant requests the dismissal of the claim or, in the alternative, a negative instruction to the jury. Id.

On January 18, 2019, Plaintiffs responded with an *Opposition to Motion to Dismiss*. (Docket No. 31). Plaintiffs affirmed that there was no spoliation and that there were other pieces of evidence that could help decipher the information that Defendants alleged that is critical. Id.

## II. APPLICABLE LAW

### A. Defining Spoliation and Relevant Evidence:

Spoliation refers to the destruction or material alteration of evidence. It is the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. *See* Velez v. Marriott PR Mgmt., 590 F. Supp. 2d 235, 258 (D.P.R. 2008) (quoting Silvestri v. Gen. Motors Corp., 271 F. 3d 583, 590 (4th Cir. 2001)).The party that raises the spoliation claim has the responsibility to provide evidence to sustain such claim. *See* Testa v. Walmart Stores, Inc., 144 F.3d 173, 177 (1st Cir. 1998). Direct evidence of spoliation is not necessary; circumstantial evidence will suffice. *See* Blinzler v. Marriott International Inc, 81 F.3d 1148, 1159 (1996).

### B. The Duty to Preserve Evidence:

The duty to protect and preserve relevant evidence "arises not only during litigation but also extends to that period before the litigation when a party **reasonably should know that the evidence may be relevant to anticipated litigation**." Perez-Velasco v. Suzuki Motor Co., Ltd., 266 F. Supp. 2d 266, 268 (D.P.R. 2003). (emphasis added). When determining if litigation should be reasonably anticipated, courts must conduct a fact intensive analysis that often takes into account the nature of the parties involved. *See e.g.* Broccoli v. Echostar Commc'ns Corp., 229 F.R.D. 506, 510 (D. Md. 2005); Webster v. Psychiatric Med. Care, LLC, 386 F. Supp. 3d 1358, 1363 (D. Mont. 2019) (holding that a sophisticated entity such as an employer should recognize the possibility of a lawsuit when it takes an adverse employment action against a professional employee). State Farm Fire & Cas. Co. v. Broan Mfg. Co., 523 F. Supp. 2d 992, 996 (D. Ariz. 2007) ("As a large insurance company, [State Farm] is a sophisticated litigant aware of its obligations to preserve relevant evidence.").

### C. **Establishing Spoliation of Evidence:**

Therefore, to determine if spoliation of evidence occurred, the Court must consider if the destroyed evidence was related to a reasonably foreseeable litigation or a pending procedure. *See* Velez, 590 F. Supp. 2d at 258 (citing Silvestri v. Gen. Motors Corp., 271 F. 3d 583, 590 (4th Cir. 2001)). When conducting this

analysis, the Court will consider if the party making the spoliation claim proffers evidence sufficient to show that the accused party: (1) knew of the litigation or the potential litigation; and (2) knew of the potential relevance of the evidence to the claim. *See* Testa v. Walmart Stores, Inc., 144 F.3d 173, 177(1st Cir. 1998).

Additionally, courts must evaluate the relevance of the lost evidence. Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Furthermore, "[a] piece of evidence need not conclusively establish the existence of a fact to be considered relevant". United States v. Rivera Calderón, 578 F.3d 78, 97 (1st Cir. 2009).

### D. Sanctions:

Courts have the power to impose sanctions on a party that has incurred in spoliation of evidence. Talavera v. Ford Motor Company, 932 F. Supp. 2d 252, 255 (D.P.R. 2013). These sanctions seek to rectify the prejudice an affected party may suffer because of spoliation and to deter any future actions that may result in the loss of evidence. *See* Collazo-Santiago v. Toyota Motor Corp., 149 F.3d 23, 29 (1998). The prejudice caused by the missing evidence will be measured by the **degree in which the defendant's ability to**

**mount an adequate defense has been hampered**. *See* Perez-Velasco v. Suzuki Motor Co., 266 F. Supp 2d. 269 (D.P.R 2003).

Furthermore, district Courts have ample discretion in choosing an appropriate sanction. *See* Sharp v. Hylas Yachts, LLC, 872 F.3d 31, 42 (1st Cir. 2017). Sanctions for such conduct constitute a spectrum that includes a negative instruction to the jury and a dismissal of the action. *See* Collazo-Santiago, 149 F.3d at 28-29. The Court considers if there is other evidence available to solve the issues that the missing evidence would have clarified. Id.

The appropriateness of sanctions depends on the prejudice the non-offending party suffered due to the missing evidence and the degree of fault of the offending party. *See* Pérez v. Hyundai Motor Co., 440 F. Supp. 2d 57, 62 (D.P.R. 2006). Dismissal of the action as a sanction is **reserved for extreme cases**. Id. *See also* Wai Feng Trading Co. Ltd v. Quick Fitting, Inc., 2019 WL 118412, at *7 (D.R.I. 2019) ("[D]ismissal is the appropriate remedy when the accused spoliator is sophisticated and acutely aware that the evidence in question is pivotal."). On the other hand, courts may issue and adverse instruction to the jury. An adverse instruction to the jury consists of instructing the jury to interpret the missing evidence as unfavorable to the party responsible for the spoliation. *See* United States v. St. Michael's Credit Union, 880 F.2d 579, 598 (1st Cir. 1989).

### III. ANALYSIS

MAPFRE contends that Plaintiffs incurred in spoliation of evidence by transferring the title of the 2014 Toyota Yaris to their insurance company, UIC, without taking reasonable steps to ensure that the car was preserved as evidence for a future trial. For the reasons discussed below the Court finds that Defendant has not established that Plaintiffs could reasonably foresee litigation and the relevance of the car's ACM module at the time they transferred the 2014 Toyota Yaris to UIC. While the catastrophic nature of the accident by itself favors a finding of foreseeability, there are other factors in the case that weigh decisively against it.

<u>First</u>, there is **no evidence** on the record that any of the Plaintiffs is a sophisticated litigant that should have foreseen litigation and the need to preserve the car as relevant evidence. This is a key factor district courts consider when determining if a party had a duty to preserve evidence. *See* <u>Neverson-Young v. BlackRock, Inc.</u>, 2011 WL 3585961, at *3 (S.D.N.Y. Aug. 11, 2011) (denying spoliation sanctions even though plaintiff negligently donated her computer to charity because she was "unsophisticated and unaccustomed to the preservation requirements of litigation."). Instead, the record suggests that at the time the 2014 Toyota Yaris was transferred to UIC, Plaintiff Carmen Muñiz-Rivera was in no condition to foresee litigation-much less take

any steps in furtherance thereof-such a retaining an attorney or sending a preservation letter to UIC. The accident took place on **August 17, 2016,** and its wake Plaintiff Muñiz-Rivera remained in a coma for forty-three (43) days. (Docket No. 31 ¶ 3). As mentioned earlier, the 2014 Toyota Yaris was transferred on **October 7, 2016** by her son Patrick McGrath who had a power of attorney. (Docket Nos. 31 ¶ 8 and 35-1 at 2). Thus, the car was transferred to UIC just **fifty-one (51) days** after the accident.

Second, Plaintiffs did not retain attorneys until long after the car was transferred to UIC. It was **almost a year** after the accident that they explored the possibility of a claim and retained attorneys. (Docket No. 31 ¶10).

Lastly, MAPFRE's own actions in this in this case undermine its contention that litigation and the need to preserve the 2014 Toyota Yaris were foreseeable when, on behalf of his injured mother, Plaintiff Patrick McGrath transferred the car to UIC on October 7, 2016. MAPFRE entered its appearance in this case on October 25, 2017 but did not request to inspect the Toyota Yaris until August 15, 2018. (Docket No. 27-1). In other words, it took MAPFRE, who was assisted by counsel, **two hundred ninety-four (294)** days of litigation to request an inspection of the 2014 Toyota Yaris but it contends that Plaintiffs should have known the car was relevant evidence in future litigation when they transferred it to UIC **just fifty-one (51)** days after the accident.

## IV.  CONCLUSION

For the reasons set forth herein, Defendant MAPFRE's *Motion to Dismiss or, in the Alternative, For Negative Instruction* (Docket No. 27) is hereby **DENIED**.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 21st day of October 2019.

                                              S/ RAÚL M. ARIAS-MARXUACH
                                              United States District Judge

---

[i] José D. Casillas-Guevara, a third-year student at the University of Puerto Rico School of Law, assisted in the preparation of this Opinion and Order.